Per Curiam.

The reason assigned by the judge for setting aside the execu- ' tion, is, that more than a year and a day had elapsed since the first execution was issued, which was on the 27th of September, 1834, before the alias issued on the 29th of June, 1839. The rule upon this subject appears to be well settled, and is believed to be founded in convenience and sound policy. It is this, when a writ of fieri facias -or capias ad satisfaciendum is taken out within the year and a day, and not executed, a new writ of execution may be sued out at any time afterwards without a scire facias; provided, the first writ be returned and filed and continuances entered from the time of issuing it. 2 Tidd’s pr. last ed. p. 1103. 3 Salk. 321. 2 Wils. 82. These continuances may be entered after the issuing of the second writ, ibid, and also 3 Bacon’s Ab. 409, and the authorities there cited. In practice the continuances of the order for successive executions are not now entered on the roll, but are presumed to be there entered. No formal entry is therefore required. It is different where the record shews a formal order of the court for a cesset executio, for then the presumption upon which the writ is continued in life, ceases. And this is the extent to which the authorities go, which are relied on by the defendant. The practice has been according to this rule in this state as far as we are informed, nor do we perceive any good reason to depart from it. If the defendant has any just objection to the execution of the judgment, it is quite as easy to obtain relief after the writ issues, as upon a scire facias quare executed now. For whatever would be a valid answer to the scire facias, would be equally available on an application for a supersedeas, or injunction, by an audita querila or by motion. The case in Nott & McCord, vol. 1, p. 404, cannot be permitted to influence our decision. It is opposed to the settled practice in England as well as this country. The judgment must be reversed and the case remanded.